IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SYLVIA ANN THOMPSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00068-Y-BP |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | § § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER**

Plaintiff Sylvia Ann Thompson ("Thompson") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned RECOMMENDS that Senior United States District Judge Terry Means AFFIRM the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.   STATEMENT OF THE CASE**

Thompson filed her application for DIB on April 25, 2014, alleging that her disability began on May 31, 2009 due to multiple physical disabilities, hypertension, and sleep problems. (Transcript ("Tr.") 16). The Commissioner initially denied her claim on July 10, 2014, and denied it upon reconsideration on October 1, 2014. *Id*. Thompson requested a hearing, which was held before Administrate Law Judge ("ALJ") Carol K. Bowen on June 24, 2015 in Fort Worth, Texas,

with Thompson and her attorney present. (Tr. 16). The ALJ issued her decision on August 28, 2015, finding that Thompson was not disabled. (Tr. 13-15).

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Thompson had not engaged in substantial gainful activity from the alleged onset date of May 31, 2009, through her date last insured of December 31, 2012. (Tr. 18). At step two, the ALJ determined that Thompson had the following severe impairments: benign hypertension; right foot pain; left shoulder pain; lumbar spondylosis/lumbago; cervical degenerative disc disease; costochondral pain; myalgias; mild sensory neuropathy; history of bunionectomy and arthroplasty, right foot; and right Achilles bursitis/tendinopathy. *Id.* At step three, the ALJ found that Thompson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404(p). (Tr. 20). In particular, the ALJ concluded that Thompson retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) on a regular and continuing basis. (*Id.*) At step four, the ALJ decided that Thompson was capable of performing past relevant work as an electronics tester, housekeeping cleaner, and mailroom clerk. (Tr. 27). And at step five, the ALJ found that in the alternative, there were a significant number of jobs in the national economy that Thompson could also perform. *Id.*

The Appeals Council denied review on December 6, 2016. (Tr. 1). Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II. FACTUAL BACKGROUND

According to Thompson's pleadings, testimony at the administrative hearing, and the administrative record, Thompson was 54 years old on the alleged disability onset date, and 59 years old at the time of the administrative hearing. (Tr. 52). She completed a high-school education. (Tr. 27). Her employment history included work as a janitor and mailroom coordinator. (Tr. 148). Thompson asserts that her physical impairments render her disabled under the SSA. (Tr. 119).

## III. STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt.

P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [her] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## IV. ANALYSIS

Thompson raises one issue on appeal. She claims that the ALJ's RFC finding is not supported by substantial evidence. (Plaintiff's Brief ("Pl.'s Br.") at 3).

Thompson contends that the record supports that she cannot perform sustained work activity due to chronic plain and that the ALJ's decision was not supported by substantial evidence in the record. (Pl.'s Br. at 5). Specifically, Thompson alleges that the ALJ failed to account for the pain suffered by Thompson and the limitations that her pain created when determining her RFC. (Pl.'s Br. at 6). The Commissioner contends that the record lacks objective medical evidence that supports Thompson's claims of pain. (Defendant's Brief ("Def.'s Br.") at 5).

"The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Moreover, "[t]he ALJ is not required to incorporate limitations in the RFC that [s]he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Instead, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations) . . . ." SSR 96-8p, 1996 WL 374184 at *7.

Thompson argues that the ALJ ignored the testimony regarding her pain and asserts that "pain alone can be disabling even if its existence is unsupported by objective evidence, if the pain is linked to a medically determinable impairment." (Pl.'s Br. at 5 (citing *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985)). However, subjective complaints of pain must be corroborated by

objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). Pursuant to SSR 96-7p, an ALJ assessing a claimant's allegations of symptoms such as pain or fatigue must conduct an objective-subjective, two-step analysis. *Salgado v. Astrue*, 271 F. App'x 456, 458 (5th Cir. 2008). In the first, objective, step, the ALJ must determine whether there is an impairment that could reasonably be expected to produce the claimant's symptoms. *Id.* If the ALJ identifies an impairment at step one, then the ALJ proceeds to the second, subjective, step and "considers the applicant's statements about symptoms and the remaining evidence in the record to determine the strength of the symptoms and how the symptoms affect the applicant's ability to do basic work." *Id.* at 459. This requires a credibility finding regarding the applicant's claims about symptoms. *Id.*

The ALJ need not "articulate specifically the evidence that supported [her] decision and discuss the evidence that was rejected" but is required "to explain [her] reasons for rejecting a claimant's complaints of pain." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). Pursuant to SSR 96-7p and 20 C.F.R. § 416.929(c)(3), an ALJ employs a seven-factor analysis to assess the claimant's credibility regarding subjective allegations of pain or fatigue:

> (1) plaintiff's daily activities; (2) location, duration, frequency and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and side effects of medication taken to relieve pain or other symptoms; (5) treatment, other than medication, undertaken to relieve pain or other symptoms; (6) any other measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005) (citing 20 C.F.R. § 416.929(c)(3)). Although the ALJ must explain her reasons, "neither the regulation nor interpretive case law requires that the ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince*, 418 F. Supp. 2d at 871 (citing *Shave v. Apfel*, 238

F.3d 592, 595 (5th Cir. 2001)). Further, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

While Thompson did testify to her level of pain and its limiting effects, she fails to support her subjective complaints with objective medical evidence in the record that demonstrates that her chronic pain limits her ability to perform work. The ALJ identified the proper legal standards, stated the parameters of the objective-subjective, two-step analysis he was required to undertake, and proceeded in compliance with the proper legal standards. (Tr. 20-26). After considering the evidence, the ALJ determined that Thompson's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms at step one. (Tr. 23). However, the ALJ found that Thompson's statements concerning the intensity, persistence, and limiting effects of her symptoms were not fully credible. *Id.* To support this determination, the ALJ considered Thompson's alleged pain from her arthritis, pain in her neck, and pain from her other impairments, but ultimately found Thompson's statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible. (Tr. 23-24). Ultimately, the ALJ took Thompson's alleged pain, neuropathy, and the effects of her hypertension into account in determining that Thompson retained the ability to perform medium work with postural limitations. (Tr. 24).

Importantly, substantial evidence in the record supports the ALJ's determination that Thompson could perform medium work on a sustained basis. (Tr. 20). The ALJ found that Thompson's physical examinations revealed that she retained full range of motion, normal

strength, normal sensation, and normal gait. (Tr. 24). Thompson's physical examinations during the relevant period were consistently normal and support the ALJ's determination. (Tr. 274-311). Specifically, Thompson's cardiology workup in March 2011 was negative. (Tr. 317, 327). Her examinations in June 2011 revealed that she had no problem ambulating heel-to-toe on the balls of her feet, had five out of five muscle strength, had normal deep tendon reflexes, and had an intact ability to extend her arms overhead. (Tr. 325-326, 329-330). Additionally, Thompson's December 2011 examination revealed no gait disturbance, no gross motor or sensory deficits, full range of motion in the lumbar spine, and mild myofascial tenderness throughout the lumbosacral and gluteal regions. (Tr. 337-340, 348). The record also contains diagnostic tests that support the ALJ's RFC determination. Specifically, Thompson's December 2010 x-rays of her lumbar spine were unremarkable, while her January 2011 shoulder x-ray showed mild degenerative changes of the acromioclavicular joint. (Tr. 312, 315). On June 21, 2011, Thompson had a normal colonoscopy, while an electromyography in June 2012 showed no electrodiagnostic evidence of left cervical radiculopathy. (Tr. 334-336, 350-353).

"The record indicates that the ALJ used the medical information provided by [Thompson] to determine [her] residual functional capacity for work[; u]nder the regulations and [Fifth Circuit] case law, the determination of residual functional capacity is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). Therefore, because the ALJ's RFC determination is supported by substantial evidence in the record, the undersigned RECOMMENDS that the Commissioner's decision be AFFIRMED.

## V.  CONCLUSION

The ALJ properly considered all of Thompson's subjective complaints and the objective medical evidence in the record to determine her RFC. Substantial evidence supports the ALJ's decision.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Judge Means AFFIRM the Commissioner's decision.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **July 13, 2017** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the

opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed July 6, 2017.

*[Signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE